HON. RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JANE DOE,

    Plaintiff

v.

LINCOLN NATIONAL LIFE INSURANCE COMPANY,

    Defendant.

No. 2:22-cv-00491-RSM

ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO CONTINUE ACTION UNDER PSEUDONYM

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Unopposed Motion for Leave to Continue Action Under Pseudonym, Dkt. No. 15. Plaintiff seeks this relief in order to avoid public disclosure of sensitive and highly personal information, and to avoid harm to her mental health and injury to her career. For the reasons set forth below, the Court grants Plaintiff's motion.

## II. BACKGROUND

This action arises under the Employee Retirement Income Security Act, 29 U.S.C. §1001, et seq. ("ERISA") and concerns Plaintiff's eligibility for disability insurance benefits. Plaintiff is a physician, claiming to have been disabled since September 2020 by post-traumatic stress

disorder ("PTSD"). Plaintiff alleges that the events that triggered her PTSD, her symptoms, and her treatment all concern extremely sensitive and highly personal matters which she does not wish to be made public. She alleges that public disclosure of these facts would cause her mental harm and injury to her career. Dkt. No. 15.

Plaintiff's psychiatrist submitted a declaration in support of Plaintiff's motion. He states that Plaintiff "struggles to maintain" the "tentative" progress she has made in her recovery, and that anonymity is necessary to help protect that progress and to protect Plaintiff from "real mental injury." Dkt. No. 16. He further states that public disclosure "would provoke the intense shame [Plaintiff] is working hard to overcome, undermine her still-fragile self-perception and self-confidence, and generally cause a substantial setback in her recovery." *Id*.

Defendant does not object to Plaintiff proceeding anonymously. Dkt. No. 18. The parties agree that there will be no discovery in this action. Dkt. No. 11 (Joint Status Report).

### III.  DISCUSSION

**A.  Legal Standard**

As a general rule, the title of a complaint must name all parties. Fed. R. Civ. P. 10(a). Courts in this Circuit, however, "allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment.' " *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). The "legal standard governing a district court's discretionary decision to permit a party to proceed anonymously" is whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile Corp.* at 1067, 1068. The Ninth Circuit has identified various circumstances justifying

anonymity. One is "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature[.]" *Advanced Textile Corp.* at 1068 (citation and quotation marks omitted). Another is "when identification creates a risk of retaliatory physical or mental harm[.]" *Id*.

### B. Analysis

The Court has reviewed excerpts from the sealed Administrative Record, and finds that many of the matters set forth in that Record are indeed of a sensitive and highly personal nature that a reasonable person would wish to keep private. The Court finds Plaintiff's psychiatrist, who has treated her since September 2020, to be credible, and further finds that public disclosure of facts at issue in this action would likely cause Plaintiff mental harm. Plaintiff's concerns that public disclosure of these facts may negatively impact her career, while unfortunate, are reasonable given the broad scope of information available on the internet.

Plaintiff has met her burden to show that her need for anonymity outweighs any prejudice to the Defendant or to the public's interest in knowing her identity. The record before the Court demonstrates Plaintiff will likely suffer further mental injury if her identity was disclosed. There will be no prejudice to Defendant, as it consents to Plaintiff proceeding anonymously, and because the parties agree there will be no discovery in this action. Any public interest in the litigation will not be impaired, as there will still be a record of the proceedings.

### IV. CONCLUSION

Having reviewed Plaintiff's motion (Dkt. No. 15), excerpts of the Administrative Record, and Dkt. Nos. 16-18, the Court hereby finds and ORDERS:

Plaintiff's Motion is GRANTED. She may continue this action using the pseudonym Jane Doe.

ORDER GRANTING PLAINTIFF'S UNOPPOSED
MOTION FOR LEAVE TO CONTINUE ACTION UNDER
PSEUDONYM  - Page 3

No. 2:22-cv-00491-RSM

DATED this 22nd day of June, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF'S UNOPPOSED
MOTION FOR LEAVE TO CONTINUE ACTION UNDER
PSEUDONYM - Page 4

No. 2:22-cv-00491-RSM